UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JACOB HENRY STASA,<br><br>     Movant,<br><br> vs.<br><br>WARDEN - FPC YANKTON,<br><br>     Respondent. | 4:21-CV-04112-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on the *pro se* habeas petition of Jacob Henry Stasa, a federal inmate at the Yanton Federal Correctional facility in Yankton, South Dakota. Docket No. 1. Mr. Stasa seeks to compel respondent to provide to him immediately all earned time credits due under the First Step Act ("FSA"). Id. Now pending is a motion to dismiss by respondent seeking dismissal of Mr. Stasa's petition without holding an evidentiary hearing. Docket No. 8. Mr. Stasa opposes the motion and has moved for "emergency" relief. Docket No.s 11 & 12. These matters were referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge.

**FACTS**

The facts pertinent to respondent's motion, taken in the light most favorable to Mr. Stasa, are as follows. Mr. Stasa is currently serving a 60-

month sentence imposed in the Western District of Oklahoma for possession with intent to distribute LSD. Docket No. 10-1 at p. 2. He was sentenced on August 24, 2020. Docket No. 1 at p. 1 Respondent calculates his projected release date as October 4, 2022, with a home detention eligibility date of April 6, 2022. Docket No. 10-1 at p. 2.

Mr. Stasa asserts his home detention eligibility date without crediting him his FSA credits would be November 18, 2022, but would be June 24, 2022, if respondent gave him the credits he claims he is due. Docket No. 11 at p. 2. Because respondent's home eligibility date (April 6, 2022), is more favorable to Mr. Stasa than the date he himself asserts (June 24, 2022), the court assumes respondent's statement of the calculation is correct.

The gravamen of Mr. Stasa's habeas petition is that respondent is refusing to credit him with FSA credits until January 15, 2022, the final deadline for full implementation of the FSA by the Bureau of Prisons ("BOP"). Mr. Stasa claims this is an unlawful interpretation of the FSA by the BOP and that he should immediately be credited with 50% of all programming credits he has earned to date. Docket No. 1. If he were so credited, Mr. Stasa argues he would be eligible for home detention as of June 24, 2022.

## DISCUSSION

The government's motion to dismiss is based on an argument that the court lacks subject matter jurisdiction and that Mr. Stasa's petition fails to state a claim upon which relief can be granted. The court finds the government's motion to be well-founded in both respects.

**A.     Failure to State a Claim**

The First Step Act of 2018, PL 115-391, 132 Stat 5194, was enacted on December 21, 2018. It requires the BOP to develop a risk and needs assessment form identifying what programming an inmate may need to reduce the risk of recidivism. 18 U.S.C. §§ 3631-3633. If an imate successfully *completes* programming *specifically designated for his needs*, he can earn "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." See 18 U.S.C. § 3632(d)(4)(A)(i). If an inmate is designated by the BOP to be at minimum or low risk of recidivating over two consecutive assessments is the inmate eligible to earn 15 days of time credits for every 30 days of programming. Id. at (d)(4)(A)(ii).

Not every program an inmate may enroll in will result in earned time credits under the First Step Act. Rather, the BOP is to assess an individual's specific criminogenic needs and assign that individual to specific programming corresponding to his needs. 18 U.S.C. § 3632(a)(3). For Mr. Stasa, the BOP assessed his specific criminogenic needs to be in the following categories: (1) antisocial peers, (2) cognitions, (3) substance abuse, (4) trauma, and (5) work. Docket No. 10 at p. 2, ¶ 7. Mr. Stasa has not completed any programming for any of these five categories. Id. at p. 3, ¶ 8. Respondent asserts that the Mr. Stasa is currently enrolled in substance abuse programming and, upon successful completion, will be entitled to FSA credits for that. Id. at p. 3, ¶ 9.

3

The Federal Rules of Civil Procedure are applicable to § 2241 habeas actions so long as the procedural rules do not conflict with the habeas statutes or the Rules Governing Section 2241 Cases in the United States District Courts ("Governing Rules").  See Governing Rule 12.  Federal Rule of Civil Procedure 12(b)(6) is not inconsistent with the Governing Rules.  Compare Governing Rules 4 & 5 (allowing respondent to respond to petitioner's habeas petition with a motion), with Fed. R. Civ. P. 12(b)(6) (same); see also Ebert v. Clarke, 320 F. Supp. 2d 902, 909-10 (D. Neb. 2004) (holding that FED. R. CIV. P. 12(b)(6) applies in habeas proceedings under § 2241).

Rule 12(b)(6) allows dismissal of a habeas petition if the petitioner has failed to state a claim upon which relief can be granted.  See FED. R. CIV. P. 12(b)(6).  Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face."  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)).  A habeas petition does not need "detailed factual allegations" to survive a motion to dismiss, but a petitioner must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action.  Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, Mr. Stasa has pleaded *no facts* at all in his petition.  See Docket No. 1.  In the administrative materials appended to his petition, he makes only

conclusory and implausible assertions. For example, he claims to be entitled to earned credits since July 2019 (Docket No. 1-1 at pp. 4 & 8), but he was not even sentenced until August 24, 2020 (Docket No. 1 at p. 1). In another place, Mr. Stasa asserts he should be credited with earned time credits since December 2018. Docket No. 1-1 at p. 11. Again, this was nearly two years before Mr. Stasa was even sentenced. Docket No. 1 at p. 1. Mr. Stasa does not explain how he could have earned time credits while in prison during dates prior to his sentencing.

In his petition and the administrative materials, Mr. Stasa does not assert what programming he has completed, how many credits he has amassed from each program, or whether application of those credits immediately would result in his immediate release. Docket Nos. 1 & 1-1. His petition does not even state legal conclusions. Docket No. 1. His petition fails to satisfy the requirements of Rule 8 altogether. The court concludes Mr. Stasa's petition must be dismissed because he has not alleged sufficient facts in his petition or the accompanying administrative materials to show he is entitled to relief.

**B.     Mr. Stasa's Claim is Not Ripe**

Without ruling on whether he is correct on the law or the facts, for purposes of the pending motion to dismiss, the court accepts as true the few facts Mr. Stasa does place into the record. He has a release date of October 4, 2022. In his response to respondent's motion to dismiss, he claims he is

entitled to 6 months of credit under the First Step Act.[1]  Docket No. 11 at p. 1.  Accordingly, if respondent were to immediately credit Mr. Stasa with 6 months of earned time credit, his projected release date would be April 6, 2022.

The court notes that inmates do not have a statutory or constitutional right to early release on home confinement.  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  So the projected release date is the operative date, not the date for early release on home confinement.

Mr. Stasa objects to the BOP's position that it need not award any FSA credits until the final deadline for implementation of the act—January 15, 2022.  Mr. Stasa asks the court to force respondent to implement the FSA and the credits he says he is entitled to now.

However, in Mr. Stasa's case, the facts show his claim is not now ripe and may never be ripe.  "Article III of the United States Constitution limits the jurisdiction of federal courts to 'actual ongoing cases or controversies.' " Arango-Palacios v. Yankton FPC Warden, 4:21-cv-04061-LLP, Docket No. 16 at p. 2 (D.S.D. Aug. 9, 2021).  Ripeness concerns the issue whether a live case or controversy has been presented and, if not, if it is likely to ever be presented.  Id.

Even if Mr. Stasa is correct that the respondent is reading the FSA unlawfully by delaying implementation until January 15, 2022, even if he is

---

[1] This is contrary to respondent's assertion.  Respondent asserts Mr. Stasa has earned no credits yet because he has not successfully completed any programing in any of the areas identified to be specific to his criminogenic needs.  Nevertheless, the court credits Mr. Stasa's assertion for purposes of ruling on the pending motion.

correct that he is entitled to be credited with six months' worth of earned time credits, under a "best case scenario" asserted by Mr. Stasa, he would not be entitled to be released until April 6, 2022.  See Docket No. 11 at p. 2; Docket No. 10-1 at p. 2.

There are three months between January 15, 2022, and April 6, 2022, during which there is every possibility respondent will credit Mr. Stasa with the earned time credits he believes he should have under the FSA.  If respondent does so, there will never be a live case or controversy presented.  If respondent does not give Mr. Stasa credit, then there will be a live case or controversy and Mr. Stasa can refile a petition with the court at that time.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting respondent's motion to dismiss [Docket No. 8] and dismissing Mr. Stasa's habeas petition without prejudice on the grounds that it does not present a ripe claim and does not state a claim upon which relief can be granted.  The court also recommends denying Mr. Stasa's motion for emergency action.  Docket No. 12.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the

district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 20th day of September, 2021.

                        BY THE COURT:

                        */s/ Veronica L. Duffy*

                        VERONICA L. DUFFY
                        United States Magistrate Judge