UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JACOB HENRY STASA,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN – FPC YANKTON<br><br>    Respondent. | 4:21-CV-04112-KES<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FULL |

  Petitioner, Jacob Henry Stasa, brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. Stasa seeks immediate application of his earned time credits under 18 U.S.C. § 3621(h)(4). *See id.* at 6, 8. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order.

  Respondent now moves to dismiss Stasa's petition for lack of subject-matter jurisdiction and for failure to state a claim. Docket 8. The Magistrate Judge entered a report and recommendation recommending Stasa's petition be dismissed without prejudice for lack of ripeness and for failure to state a claim. Docket 13 at 7. Stasa objects to the report and recommendation. Docket 14. Stasa has also filed a motion for emergency order asking this court to order the BOP to immediately submit his release plan to a residential reentry center. Docket 12. For the following reasons, this court overrules Stasa's objections, adopts the Magistrate Judge's report and recommendation in full, and grants respondent's motion to dismiss.

**STANDARD OF REVIEW**

The court's review of the Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Respondent states that Stasa has a projected release date of October 4, 2022, via an early release under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Abuse Program.[1] Docket 9 at 1-2. Stasa did not indicate how many days of First Step Act (the "Act") time credits he believes he has earned in his initial petition. *See* Docket 1. In his objections to the Magistrate Judge's report and recommendation, Stasa now claims that he is owed 5.5 to 28 months of time credits through participation in evidence-based recidivism reduction programming and productive activities. *See* Docket 14 at

---

[1] Stasa had not yet completed the Residential Drug Abuse Program at the time that he filed his petition. Docket 10 ¶ 9. In his objections to the Magistrate Judge's report and recommendation, Stasa claimed that he would complete the Residential Drug Abuse Program on November 17, 2021. Docket 14 at 2.

2. Respondent states that Stasa has completed zero hours of programming and activities.[2] Docket 9 at 17.

Respondent has taken the position that it has the discretion to determine whether the time credit incentives will be implemented before the end of the 2-year phase-in period under the Act, which covers the time period until January 15, 2022. *Id.* at 14-17. Before discussing that issue, however, the court must determine if it has jurisdiction under Article III of the United States Constitution.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Two components of the Article III case-or-controversy requirement are the "closely related" concepts of standing and ripeness. *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009) (citation omitted). The ripeness inquiry in some cases may therefore "be characterized as standing on a timeline." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Whether a claim is ripe depends on "the fitness of the issues for judicial decision and the hardship to the parties of

---

[2] Respondent's calculation of zero hours of time credits grants Stasa no time credits for the Residential Drug Abuse Program because he had not completed that program. Docket 9 at 26. If he has now completed the Residential Drug Abuse Program, a claim for which Stasa provides no supporting evidence other than his allegation that he would complete the program on November 17, 2021, Stasa has likely earned 500 hours, or 62.5 days, of time credits. *See* Federal Bureau of Prisons, *First Step Act Approved Programs Guide* 26 (July 2021), https://www.bop.gov/inmates/fsa/docs/fsa_program_guide_2107.pdf.

3

withholding court consideration." *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977)).

Rulemaking decisions by respondent are subject to judicial review, but adjudicative decisions in a specific case are not subject to judicial review. 18 U.S.C. § 3625; *see also Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."). There has been no showing in this case to support a general challenge to the rulemaking of respondent on whether to allow time credits for various inmate activities, and if allowing time credits, how many time credits to allow for each day of activity.

Stasa is the proper party to bring this claim. But there is not at this time and might never be a time when Stasa has a valid claim that he will lose days of time credits to which he is entitled under the Act. Under respondent's calculation, Stasa would be entitled to zero days of time credits for evidence-based recidivism reduction programming and productive activities that he has currently completed. Docket 9 at 26. Even if he has completed the Residential Drug Abuse Program, he would be entitled at the most to 31.25 days of time credits. *See First Step Act Approved Programs Guide* at 26. Because there is adequate time for the application of the earned time credits after the latest date for implementation of the Act on January 15, 2022, but well in advance of his projected release date of October 4, 2022, this claim is not ripe for adjudication and is dismissed without prejudice to the bringing of a claim when ripe, if that ever happens.

## CONCLUSION

Because Stasa's claim is not ripe, the court does not have jurisdiction under Article III of the United States Constitution to hear this claim. The court adopts the Magistrate Judge's report and recommendation dismissing this matter for lack of subject-matter jurisdiction on ripeness grounds and overrules Stasa's objections.

Thus, it is ORDERED:

1. That respondent's motion to dismiss (Docket 8) is granted. Stasa's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.

2. That the Magistrate Judge's report and recommendation (Docket 13) is adopted in full as supplemented herein.

3. That Stasa's objections (Docket 14) are overruled.

4. That Stasa's motion for emergency order (Docket 12) is denied.

Dated December 23, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE